**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

BENJAMIN T. WIEDENHOEFT,

        Petitioner,

        v.                               CAUSE NO. 3:26-CV-428-TLS-AZ

SHERIFF,

        Respondent.

**OPINION AND ORDER**

Benjamin T. Wiedenhoeft, a prisoner without a lawyer, filed a habeas petition to assert his right to speedy trial in his State criminal cases. According to the petition, he has three criminal cases pending in DeKalb Superior Court and one criminal case pending in Steuben Superior Court. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

To start, it is unclear how this petition amounts to a challenge to his custody. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2241(c)(3))). According to the petition, Wiedenhoeft is currently serving a sentence in the Allen County Jail, and there is no indication that he is in custody due the pending State criminal proceedings. Further, Wiedenhoeft cannot pursue a habeas claim that his rights were violated under Indiana Criminal Rule 4(a) because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Wiedenhoeft is also seeking to assert his constitutional right to a speedy trial, so the court will consider whether he has exhausted State court remedies in connection with such a claim. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (citation omitted). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015–16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004).

In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143, 1147–49 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310, 312 (Ind. Ct. App. 2018). The electronic docket for the State courts reveals that Wiedenhoeft has made no effort to assert a speedy trial claim on interlocutory appeal. Because he has not exhausted available State court remedies, Wiedenhoeft may not proceed on a claim that his constitutional right to a speedy trial has been violated.

In sum, the claims in the habeas petition are invalid and unexhausted, so the court will dismiss the habeas petition. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must

show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate whether the petition states a valid claim or to encourage Wiedenhoeft to continue pursuing his claims in federal court.

For these reasons, the court:

(1) DISMISSES the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES Benjamin T. Wiedenhoeft a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 7, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3